ULISES PABÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 664.—*Sometido:* Enero 11, 1927. *Resuelto:* Enero 28, 1927.

EMBARGOS—MANDAMIENTO DE EMBARGO—ANOTACIÓN DE EMBARGO—DENEGACIÓN DE ANOTACIÓN—FALTA DE JURISDICCIÓN PARA DECRETARLO—EMBARGO DECRETADO EN EXCESO DE LA CUANTÍA JURISDICCIONAL.—Decretado embargo por una corte municipal por $475 de principal más $75 para intereses y costas,

no cabe denegar su anotación cuando la demanda que motiva el embargo sólo reclama el pago del principal y los intereses legales sobre dicha suma en ella solicitados desde la interposición no son debidos al presentarse aquélla.

NOTA de *Pedro Gómez Lasserre,* R. (Mayagüez), denegando anotación de embargo decretado por una corte municipal. *Revocada.*

*Benet & Souffront,* abogados del recurrente; *El Registrador* no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En el Registro de la Propiedad de San Germán se presentó un mandamiento de embargo decretado por una corte municipal por $475 de principal más $75 para intereses y costas para asegurar la efectividad de la sentencia que se dictase en el pleito, pero el registrador se negó a anotar el embargo por entender que la corte municipal carece de jurisdicción para decretarlo por exceder el embargo de $500 e hizo constar como defecto subsanable el no insertarse ni acompañarse por separado el documento que originó el embargo. Notificada la parte interesada de esa negativa el 8 de diciembre, presentó al día siguiente otra vez el mandamiento de embargo con una copia certificada de la demanda, de la que aparece que en ella se reclama el pago de $475, sus intereses legales desde su interposición y las costas, mas el registrador se negó el mismo día a convertir la anotación preventiva que había tomado del embargo en anotación definitiva de él porque a su juicio la demanda confirma, más bien que rechaza, la existencia del defecto insubsanable que antes había consignado, por lo que dos días después de la última negativa se radicó este recurso gubernativo.

La sección 4 de la ley 10 de marzo de 1904 para reorganizar el sistema judicial (Comp. 1148) dispone que los jueces municipales tendrán jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la cantidad de $500, intereses inclusives; y si alguna duda podía haber respecto a si parte de los $75 embargados para intereses y

costas pudiera aumentar la cuantía realmente reclamada en la corte municipal a más de $500 por ser la suma total de la deuda e intereses lo que determina la jurisdicción de las cortes municipales, tal duda desaparece con la lectura de la demanda que motivó la orden de embargo en la que sólo se reclamó en ella el pago de $475, pues si bien se solicitaron también los intereses legales de esa cantidad desde la interposición de la demanda tales intereses no eran debidos al tiempo de ser ella presentada, por lo que la cantidad de $475 es la que debe regular la jurisdicción de la corte municipal para conocer del pleito y para expedir la orden de embargo, sin que el hecho de que se expidiera el embargo para asegurar más de $500 la prive de la jurisdicción que tiene en el asunto.

La demanda presentada al registrador también corrige el defecto subsanable consignado por él *y por tanto la anotación preventiva que tomó por su negativa de anotación del embargo debió convertirla en anotación definitiva del mismo y así debe hacerlo.*